1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  VALERIE L. SHARPE (Of Counsel) (SBN 191344)
   vsharpe@kellergrover.com
3  DENISE L. DIAZ (SBN 159516)
4  ddiaz@kellergrover.com
   **KELLER GROVER LLP**
5  425 Second St., Suite 500
6  San Francisco, CA 94107
   Telephone: (415) 543-1305
7  Fax: (415) 543-7861

8

9  Attorneys for Plaintiff
10 CATHERINE SULLIVAN

E-filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: **CV 08 3893**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **VIOLATION OF LABOR CODES §§ 203, 226, 1194 and 2802**<br><br>2. **UNFAIR BUSINESS PRACTICES (Violation of California Business and Professions Code §§ 17200 *et seq.*)** |

COMPLAINT                                                     Case No.

Plaintiff Catherine E. Sullivan (hereafter "Plaintiff"), by and through her attorneys, alleges upon personal knowledge as to herself and her acts stated herein, and upon information and belief as to all other matters, as follows:

## I. INTRODUCTION

1. This class action is on behalf of several classes of current and former employees of Defendant KELLY SERVICES, INC. ("Defendant" or "KELLY SERVICES"). Defendant failed to pay these workers for all hours worked, and failed to reimburse them necessary expenditures incurred in direct consequence of the discharge of their duties in violation of California Labor Code §§ 1194 and 2802.

2. Plaintiff, CATHERINE E. SULLIVAN, was hired by KELLY SERVICES on March 1, 2006. During her employment with Defendant, Sullivan, at the direction of Defendant, attended at least four different interviews with Defendant's customers. The purpose of Plaintiff going on such interviews was to aid Defendant in securing business by presenting herself and her skills in a manner so as to ensure that the customer would select KELLY SERVICES to fill its temporary staffing needs. In going on interviews as directed by Defendant, Plaintiff incurred expenses, including, but not limited to, mileage, parking costs and bridge tolls. Defendant did not pay Plaintiff for the hours she worked going on interviews or reimburse Plaintiff's expenses incurred in connection with those interviews. Consequently, Plaintiff is entitled to her unpaid wages and expenses under Labor Code §§ 1194 and 2802.

3. Plaintiff is informed and believes and thereon alleges that Defendant's practice of not paying its employees for all hours worked and not reimbursing its employees for expenses extends to hundreds of people formerly and currently employed by Defendant, going back four years.

4. California law, as set forth in Labor Code § 1194, states that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of his or her minimum wage compensation.

5. California law, as set forth in Labor Code § 2802, requires an employer to reimburse an employee for all necessary expenditures incurred by the employee in direct

consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

6. Plaintiff seeks all available remedies for violations of Labor Code §§ 203, 1194, and 2802 and, to the extent allowable by law, restitution and/or disgorgement in connection with Defendant's violation of California's Unfair Competition Law.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, *et seq*.

8. Plaintiff Sullivan's claims asserted herein arose in this judicial district and Defendant does business in this judicial district. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Assignment to the Oakland Division is proper because a substantial part of the conduct which gives rise to the claims asserted herein occurred in the County of Marin in that Plaintiff Sullivan is a resident of the County of Marin and transacted business with Defendants in San Rafael, California, County of Marin.

## III. THE PARTIES

9. Plaintiff Catherine E. Sullivan is a California resident. She worked for KELLY SERVICES as a temporary employee sent to Managed Health Network to work on projects from March 16 through August 11, 2006.

10. Defendant KELLY SERVICES, INC. is a Delaware corporation. Defendant owns and/or operates temporary agencies in California. Defendant sends people it hires to work on projects for its clients throughout the state.

## IV. FACTUAL BACKGROUND

14. During her employment with Defendant, Plaintiff was sent by Defendant to interview with Defendant's customers on at least four different occasions. The purpose of the interviews was, in part, to convince the customer to select a Kelly Services temporary staffing employee to fill its temporary staffing needs.

COMPLAINT                                                               Case No.

15. Plaintiff spent time and incurred expenses, including, but not limited to, mileage, parking costs and bridge tolls, when she went on these interviews.

16. Defendant did not pay Plaintiff for the hours she worked attempting to secure business for Defendant. Defendant also did not reimburse Plaintiff for the expenses she incurred performing this work.

## V. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action individually and on behalf of a class of people similarly situated. This action is maintainable as a class action because it meets all the prerequisites of FED. R. CIV. P. 23(a)(1)-(4). In addition to meeting the prerequisites of Rule 23(a), the action satisfies one or more of the three alternatives listed under Rule 23(b). Questions of law and fact common to the classes predominate over questions affecting individual members. This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions. Therefore, a class action is superior to other methods of adjudicating the claims.

22. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, KELLY SERVICES engaged in a policy and practice of failing to pay workers for all hours worked and failing to reimburse them necessary expenditures incurred in direct consequence of the discharge of their duties.

23. **Definition of the Classes.** Plaintiff brings this action on behalf of herself and the following classes of current and former California KELLY SERVICES employees:

  A.  <u>Section 1194 Class</u>: All temporary staffing employees of Defendant in California, who, during the four years prior to the original filing of this action through the date this action is resolved, were not compensated for time spent preparing for and going on interviews with Defendant's customers and potential customers.

  B.  <u>Section 2802 Class</u>: All temporary staffing employees of Defendant in California who, during the four years prior to the original filing of this action through the date this action is resolved, were not reimbursed necessary expenditures incurred in direct consequence of the discharge of

their duties in connection with attending interviews with Defendant's customers and potential customers.

Plaintiff reserves the right to amend or modify the class descriptions, or to seek to limit certification to specific issues.

24. **Numerosity of the Classes.** The Classes referenced in Paragraph 23 above are so numerous that individual joinder of all members of each Class is impractical under the circumstances of this case. While the exact number of the members of each Class is unknown to Plaintiff at this time and can only be ascertained after discovery directed to Defendant, Plaintiff believes and therefore alleges that each of the Classes consist of at least several hundred individuals.

25. **Typicality of Claims.** Plaintiff's claims are typical of the claims of the members of each of the Classes, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members she seeks to represent. Plaintiff and all Class Members have sustained damages and face irreparable harm arising out of Defendant's common course of conduct as alleged herein. The damages sustained by each member of the Classes were caused directly by Defendant's wrongful conduct, as alleged herein.

26. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff's claims are not antagonistic to those of the members of the Classes. Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including wage and hour class actions, and Plaintiff intends to prosecute this action vigorously.

27. **Community of Interest; Existence and Predominance of Common Questions of Law or Fact.** Common questions of law and fact exist as to all members of each of the Classes that predominate over any questions affecting only individual Class Members. These common legal and factual questions, which do not vary among members of each of the Classes, and which may be determined without reference to the individual circumstances of any member of a class include, but are not limited to, the following:

(a) Does KELLY SERVICES maintain a policy of not paying its employees for work performed in connection with preparing for and attending interviews with its customers and potential customers?

(b) Is KELLY SERVICES liable for failure to pay minimum wages in accordance with Labor Code § 1194?

(c) Is the violation of Labor Code § 1194 a basis upon which an unfair business practice cause of action can be maintained?

(d) Does KELLY SERVICES maintain a policy of not reimbursing its employees for expenses incurred in the discharge of their duties in connection with attending interviews with Defendant's customers and potential customers?

(e) Is KELLY SERVICES liable for failure to reimburse its employees in accordance with Labor Code § 2802?

(f) Is the violation of Labor Code § 2802 a basis upon which an unfair business practice cause of action can be maintained?

28. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of these controversies, since individual litigation of the claims of each Class Member is impracticable. Even if every individual Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of each class. Plaintiff anticipates no difficulty in the management of this action as a class action.

29. The prosecution of separate actions by individual Class Members may create a risk of conflicting adjudications that would be dispositive of the interests of the other Class Members

1   not parties to such adjudications or that would substantially impair or impede the ability of such
2   non-party Class Members to protect their interests.

3   30.   The prosecution of individual actions by Class Members would establish
4   inconsistent standards of conduct for Defendant.

5   31.   Defendant has acted or has refused to act in a manner generally applicable to the
6   members of each Class, thereby making appropriate final and injunctive relief or corresponding
7   declaratory relief with regard to members of each Class as a whole, as requested herein.
8   Likewise, Defendant's conduct as described above is unlawful, continuing and capable of
9   repetition and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

### (Violation of Labor Code §§ 1194 and 203)

32.   Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

33.   KELLY SERVICES employed and sent Plaintiff and other Section 1194 Class Members on interviews with its customers and potential customers. The purpose of Defendant sending employees like Plaintiff and other Section 1194 Class Members on these interviews was, in part, to secure business for KELLY SERVICES. That is, if the customer or potential customer liked the KELLY SERVICES employee being interviewed and selected KELLY SERVICES to perform work for it, Defendant would receive payment from the customer and obtain the benefit of an ongoing business relationship with the customer.

34.   Defendant did not pay Plaintiff for the time she spent preparing for and attending interviews and is informed and believes that Defendant also did not pay Section 1194 Class Members for time spent interviewing.

35.   Defendant's failure to pay Plaintiff and other Section 1194 Class Members for all hours worked violates the Labor Code § 1194, and Plaintiff, on her behalf and on behalf of all Section 1194 Class Members seeks compensation, including interest thereon, for all unpaid hours for the three years preceding the filing of the Complaint and continuing therefrom. Plaintiff, on

behalf of herself and all other Section 1194 Class Members, seeks costs and attorneys' fees as provided for by statute.

36. Pursuant to Labor Code § 203, KELLY SERVICES is obligated to pay the Section 1194 Class Members who are former employees one day of wages for each day their wages were late up to a maximum of 30 days of wages.

## SECOND CAUSE OF ACTION

### (Violation of Cal. Business & Professions Code §§ 17200, *et seq.* – Labor Code § 1194)

37. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

38. At all times relevant herein, Defendant has violated the provisions of Labor Code § 1194.

39. Defendant's conduct described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code §§ 17200, *et seq.*

40. Plaintiff, on her own behalf and on behalf all other similarly situated persons seeks restitution for all losses caused by not being paid for the hours worked going on interviews with Defendant's customers and potential customers, which is a violation of Labor Code § 1194.

41. Plaintiff further demands an injunction against Defendant enjoining it from all future violations of Labor Code § 1194 and requiring it to pay its California employees for hours worked going on interviews with Defendant's customers and potential customers.

42. Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

## THIRD CAUSE OF ACTION

### (Failure to Reimburse Expenses in Violation of Labor Code § 2802)

43. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

44. At all times herein relevant, Labor Code § 2802 provided that employers must reimburse and/or indemnify their employees for all expenses incurred by the employee in direct

consequence of his or her discharge of his or her duties or of his obedience to the directions of his employer.

46. If an employer fails to comply with Labor Code § 2802, it is liable to the employee for expenses incurred by the employee pursuant to Labor Code § 2802, plus interest from the date on which the employee incurred the necessary expense and attorneys' fees and costs required to obtain reimbursement as specified by Labor Code § 2802.

46. Defendant failed to reimburse Plaintiff for the expenses she incurred attending interviews with Defendant's customers. On information and belief, Defendant also failed to reimburse Section 2802 Class Members for expenses they incurred attending interviews with Defendant's customers and potential customers.

47. As a result of Defendant's failure to comply with the provisions of Labor Code § 2802, Plaintiff and Section 2802 Class Members have suffered damages. Plaintiff, individually and on behalf of the Section 2802 Class Members, requests reimbursement for the expenditures and losses incurred in the discharge of their respective duties, according to proof, including attorneys' fees provided for in Labor Code § 2802.

## FOURTH CAUSE OF ACTION

### (Violation of Cal. Business & Professions Code § 17200 – Labor Code § 2802)

48. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

49. At all times relevant herein, Defendant has violated the above cited provisions of Labor Code § 2802.

50. Defendant's conduct described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code §§ 17200, *et seq.*

51. Plaintiff, on her own behalf and on behalf all other similarly situated persons, seeks restitution for all out-of-pocket costs incurred and/or losses caused by having to incur expenses in direct consequence of the discharge of their duties, and/or of their obedience to Defendant's directions, that were not reimbursed, which is a violation of Labor Code § 2802.

8

COMPLAINT                                                                                    Case No.

52. Plaintiff further demands an injunction against Defendant enjoining it from all future violations of Labor Code § 2802 and requiring it to reimburse its California employees for expenses that are incurred by employees in direct consequence of the discharge of their duties and/or of their obedience to Defendant's directions.

53. Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

### FIFTH CAUSE OF ACTION
### (Failure to Provide Accurate Wage Statements)

54. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

55. At all times relevant herein, Labor Code § 226 required that employers provide employees with itemized wage statements showing total hours worked. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a wage statement without the required information, the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to a total of $4,000, plus costs and attorneys' fees.

56. Defendant knowingly and intentionally failed to provide Plaintiff and the Section 1194 Class Members with timely and accurate wage statements as required by Labor Code § 226(a). As a result, Plaintiff and all Section 1194 Class Members are entitled to the maximum amount of damages, costs and attorneys' fees allowed by Labor Code § 226(e) for the three year period preceding the filing of the Complaint and continuing therefrom.

57. Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Labor Code § 226(e).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

### CLASS CERTIFICATION:

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the alleged classes; and

9

COMPLAINT                                                                    Case No.

3. That Counsel for Plaintiff be appointed as class counsel.

**AS TO THE FIRST CAUSE OF ACTION:**

4. Upon the First Cause of Action, for all wages due Plaintiff and Section 1194 Class Members in an amount according to proof, with interest thereon from the date such wages were due; and

5. For reasonable attorneys' fees and costs allowed by law and according to proof.

**AS TO THE SECOND CAUSE OF ACTION:**

6. For restitution and/or disgorgement of profits as allowed by law and according to proof;

7. For injunctive relief; and

8. For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

**AS TO THE THIRD CAUSE OF ACTION:**

9. Upon the Third Cause of Action, compensatory damages in an amount, according to proof at time of trial, owed to Plaintiff and Section 2802 Class Members representing the amount of unpaid reimbursements for the expenditures and losses incurred in the direct discharge of their respective duties for the applicable limitations period preceding the filing of this Complaint, up to and including the present;

10. For reasonable attorneys' fees and costs allowed by law and according to proof; and

11. For statutory interest.

**AS TO THE FOURTH CAUSE OF ACTION:**

12. For restitution and/or disgorgement of profits as allowed by law and according to proof;

13. For injunctive relief; and

14. For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

\\
\\

**AS TO THE FIFTH CAUSE OF ACTION:**

15. For the maximum amounts provided by Labor Code § 226(e) for the violations of Defendant of Labor Code § 226(a) owed to Plaintiff and Section 1194 Class Members for the three years preceding the filing of the original Complaint and continuing therefrom; and

16. For attorneys' fees and costs pursuant to Labor Code § 226(e).

**JURY TRIAL DEMAND**

24. Plaintiff demands a trial by jury as to all claims and causes of action to which a jury trial allowed by law.

Dated: August 14, 2008

Respectfully submitted,

**KELLER GROVER LLP**

By: *Eric A. Grover /ssp*

ERIC A. GROVER
Attorneys for Plaintiff

COMPLAINT                                                                Case No.

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
KATHERINE SULLIVAN, on behalf of herself and all others similarly situated

## DEFENDANTS
KELLY SERVICES, INC. and DOES 1 through 10, inclusive

**(b)** County of Residence of First Listed Plaintiff  MARIN COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   OAKLAND CO., MI
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Eric A. Grover   (415) 543-1305
Keller Grover LLP
425 Second Street, Suite 500
San Francisco, CA 94107

Attorneys (If Known)

DEREK R. HAVEL   (213) 620-1780
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071

*E-filing*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [X] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Labor Code sections 203, 226, 1194 and 2802

Brief description of cause:
Defendant failed to pay wages and reimburse plaintiff and class members necessary expenditures incurred while on-duty.

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ excess of $5,000,000   CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   [X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE
August 14, 2008

SIGNATURE OF ATTORNEY OF RECORD
*Eric A. Grover /pmo*

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 03/08) Civil Summons (cand 6/08)

Clear Form

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF CALIFORNIA E-filing   EMC

| | |
|---|---|
| CATHERINE E. SULLIVAN, on behalf of herself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff )<br>v. )<br>KELLY SERVICES, INC., and DOES 1 TO 10, inclusive, )<br>)<br>)<br>Defendant ) | CV 08 3893<br><br>Civil Action No. |

**Summons in a Civil Action**

To: KELLY SERVICES, INC.

*(Defendant's name)*

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

ERIC A. GROVER
eagrover@kellergrover.com
KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, California 94107
Phone: (415) 543-1305
Facsimile: (415) 543-7861

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Richard W. Wieking
Name of clerk of court

Date:  AUG 1 4 2008

Helen L. Almacen
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev. 03/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____, by:

    (1) personally delivering a copy of each to the individual at this place, _____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____ who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is _____; or

    (4) returning the summons unexecuted to the court clerk on _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address